**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

FILED

DEC 19 2012

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

| UNITED STATES DISTRICT COURT | District: **SOUTHERN** |
|---|---|
| Name: Harold L. Cyrus | Docket or Case No.: *1:12-cv-9341* |
| Mt. Olive Correctional Complex, One Mountainside Way, Mt. Olive, WV 25185 | Prisoner Number: 43634 |
| **Harold L. Cyrus, Petitioner v. David Ballard, Warden, Respondent** | |
| The Attorney General of the State of: **West Virginia** | |

# PETITION

1.   (a) Name and location of court that entered the judgement of your conviction you are challenging: Circuit Court of Mercer County, Princeton, West Virginia
     (b) Criminal docket or case number (if you know): 05-F-307

2.   (a) Date of the judgment of conviction):  April 12, 2006

     (b) Date of sentencing:          July 24, 2006

3.   Length of Sentence: Twenty to Seventy years

4.   Were you convicted on more than one count or  more than one crime?  Yes  ☒

5.   Identify all crimes of which you were convicted and sentenced in this case:

     Sexual Abuse by a Custodian. W. Va. Code § 61-8D-5, 10-20 yrs. ( 2 counts)
     Incest, W. Va. Code § 61-8-12,:  5-15 years each ( 2 convictions)

6.   (a) What was your plea?   Not Guilty

6.   (c) If you went to trial, what kind of trial did you have? Jury  ☒

7.   Did you testify at a pretrial hearing, trial or a post-trial hearing? Yes   ☒

8.   Did you appeal from the judgment of conviction? Yes   ☒

9.   If you did appeal, answer the following :

     (a)  Court: Supreme Court of Appeals of West Virginia, 02-07-07

-1-

(b) Docket or case number:         05-F-307
(c) Result:                        Refused
(d) Date of Result (if you know):   June 5, 2007
(e) Citation to the case (if you know):
(f) Grounds raised:

1. The Circuit Court abused its discretion in denying Petitioner's Motion for Reconsideration of Motion for New Trial based upon newly discovered evidence.
2. The Circuit Court erred in not requiring the State to comply with the disclosure requirements of Rule 16 of the West Virginia Rules of Criminal Procedure.
3. The Circuit Court erred in not holding a pretrial hearing (after disclosure by the State, of which there were none) on other bad acts for which the Petitioner was not indicted in violation of Rule 404, W. Va Rules of Evidence.
4. There were cumulative error made by the Circuit Court.

(g) Did you seek further review by a higher state court? Yes ☐ No ☒
      There is no higher state court than the WV Supreme Court
(h) Did you file a petition for certiorari in the U. S. Supreme Court? No ☒

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning ths judgment of conviction in any state court? Yes ☒ No ☐

11.    If your answer to 10 was "Yes," give the following information:

(a)(1) Name of Court:          Circuit Court of Mercer County
(a)(2) Docket or case number):   05-F-307
(a)(3) Date of filing ():        June 28, 2008
(a)(4) Nature of the proceeding:  Application for a post-conviction relief
(a)(5) Grounds raised;

1. Petitioner was denied a preliminary hearing; therefore, petitioner's counsel was denied time to prepare a satisfactory defense and complete a thorough investigation of the facts surrounding the petitioner's criminal charges, which indirectly lead to petitioner's counsel rendering ineffective assistance of counsel

2. The State of West Virginia suppressed evidence from the petitioner that was helpful in the defense of the indictment which resulting in the charges of the underlying criminal matter.

3. The State of West Virginia placed witness testimony into evidence That was knowingly inconsistent, therefore, the State of West Virginia allowed said witness to perjure herself.

4. Trial counsel rendered ineffective assistance to the petitioner.

5. The petitioner was convicted on the indictment based upon insufficient evidence.

6. As a result of newly discovered evidence, the petitioner's underlying criminal matter warrants a new trial

(6) Did you receive a hearing where evidence was given on your petition?  Yes  ☒
(7) Result:         Denied
(8) Date of result:   February 19, 2009

(b) If you file any second petition, application or motion, give the same information:
     (1) Name of Court:  Mercer County Circuit Court
     (2) Docket or case number:     10-C-32-DS
     (3) Date of filing :   01-22-10; Re-filed 02-02-10; Amended August 2, 2010
     (4) Nature of the proceeding: Petition for Post-Conviction Relief, WV. Code § 53-
         4A-1 et. seq.
     (5) Grounds raised:

        A.     Petitioner was denied effective assistance of habeas counsel
        B.     Newly Discovered evidence

     (6) Did you receive a hearing where evidence was given on your petition? Yes  ☒
     (7) Result: Denied
     (8) Date of result (if you know):   June 3, 2011

(c) If you file any third petition, application or motion, give the same information:

     (1) Name of Court:: Circuit Court of Mercer County
     (2) Docket or case number (if you know): 10-C-84
     (3) Date of filing (if you know): 03-02-10
     (4) Nature of the proceeding: Petition for Post-Conviction Relief
     (5) Grounds raised:

        (A) Ineffective Assistance of Habeas Counsel
        (B) Newly discovered evidence

     (6) Did you receive a hearing where evidence was given? Yes  ☒ 01-06-11
     (7) Result: Relief denied:
     (8) Date of result (if you know): June 3, 2011

11(d ) Did you appeal to the highest state court having jurisdiction over the action taken
        on your petition, application, or motion?
     (1)     1st Petition: On September 28, 2009, Michael Cooke, Esquire,

filed a petition for Appeal of the Circuit Court's order of February 19, 2009. The Petition was refused on November 24, 2009.

(2)    2nd Petition - Merged into third petition

(3)    3rd Petition - Yes.

11(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: The 2nd petition was merged into the third petition which was appealed.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

A. The Petitioner was denied meaningful and effective assistance of counsel during his trial and appeal as guaranteed by the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the U.S.A.

(a) Supporting Facts

Petitioner was denied meaningful and effective assistance of an attorney. One, Defense Counsel failed to have Dr. Gregory H. Wallace testify before the before the jury. Two, Defense counsel failed to consult with an expert on child sexual abuse or provide expert testimony on child sexual abuse. Three, Defense Counsel appealed on issues which they brought forth on their cross-examination of state witnesses. Four, Defense Counsel appealed the admission of evidence into the Petitioner's trial which they relied upon in their defense of the Petitioner. Five, defense counsel allowed petitioner to be convicted of incest although there is no consanguinal relationship between petitioner and his wife's daughter. Six, defense counsel did not contest the imposition of consecutive sentences for incest and sexual abuse by a custodian despite the overlap in essential elements of the offense. And, seven, defense counsel failed to safeguard petitioner right to a unanimous verdict because it impossible to find, with any degree of certainty, that each juror agreed upon a single, discrete, identifiable act of sexual intercourse in 2002 to correspond to the allegations advanced in Counts 19 and 20 of the Indictment. Therefore, the petitioner contends that he was denied an unanimous jury verdict, and his conviction must be reversed.

Phillip Scantlebury and David Smith, defense counsel, received a copy of a report completed by Dr. Gregory H. Wallace, which documented that there was no evidence of sexual intercourse with K.R.S. This report also documented that during Dr. Wallace's examination K.R.S., she denied any inappropriate sexual contact by petitioner prior to the examination. Although Deborah Garton, the prosecuting attorney, should have provided Mr. Scantlebury and Mr. Smith with a copy of this report because it contained exculpatory evidence, it was petitioner who gave his attorneys this report. Defense Counsel asked the trial judge for permission to depose Dr. Wallace. Defense Counsel also asked the trial judge if they could have Dr. Wallace brought before the jury to testify regarding the results

-4-

of his interview of K.R.S. Although Mr. Scantlebury and Mr. Smith requested permission to conduct a deposition of Dr. Wallace and to have him testify before the petit jury as to the results of his examination, they ultimately agreed with Ms. Garton to stipulate to the facts and information contained within Dr. Wallace's report and allowed its submission to the jury without the live testimony of Dr. Wallace to supplement its contents. Clearly, the failure of defense counsel to have Dr. Wallace testify before the trial jury prevented the jury from obtaining the complete picture of this exculpatory evidence. This failure of defense counsel to place Dr. Wallace's examination in its proper context constitutes ineffective assistance of counsel.

Defense counsel failed to consult with an expert on child sexual abuse or provide expert testimony on child sexual abuse. Medical expert consultation or testimony is particularly critical to an effective defense in sexual abuse cases when the direct evidence is limited to the primary victim's testimony. The only direct evidence of sexual abuse in this case was the testimony of K.R.S.

During a Pre-Trial Hearing, Phillip Scantlebury and David Smith made an issue of the failure of the Deborah Garton to disclose their expert witnesses under *Rule 16(1)(E)* of the *W. Va, Rules of Criminal Procedure*. During discussion regarding the defense motion regarding the lack of notice of expert testimony, Ms. Garton proffered that the state would not present expert testimony. This was based upon a general presentation of the individuals would be testifying for the State of West Virginia. It was agreed that the Ms. Garton would not be offer any expert testimony. Mr. Scantlebury and Mr. Smith brought issues regarding what would be considered related to expert testimony on cross-examination of the very witnesses they complained that Ms. Garton would be bringing before the jury as expert witnesses. Mr. Scantlebury and Mr. Smith further hampered the petitioner's defense by complaining of this upon their appeal of the disposition of the petitioner's underlying matter to state supreme court. In their *per curiam* opinion, the Supreme Court of Appeals addressed this action of Defense Counsel by stating:

> [t]he record shows that the expert testimony provided by these witnesses was elicited during cross-examination. For instance, counsel for the appellant asked Ms. Beck several questions about recantations and whether recantations could ever be believed. This Court has long held that parties cannot complain on appeal about the introduction of evidence adduced by them. In syllabus point 2 of *State v. Bowman*, 155 W. Va. 562, 184 S.E.2d 314 (1971), this Court explained that, 'An appellant or plaintiff in error will not be permitted to complain of error of evidence which he offered or elicited, and this is true of a defendant in a criminal case'.*State v. Cyrus*, 222 W. Va. 214, 664 S. E. 2d 99 (02-20-08)

On appeal of this conviction, Defense Counsel disputed the admission of evidence from a Juvenile Abuse and Neglect proceeding involving the Petitioner. The Court in that case terminated petitioner's parental rights to K.R.S. Our Supreme Court stated:

> [w]ith respect to the abuse and neglect proceedings, the record shows that the

(defendant) never objected at trial when ... K. S. revealed that (she) had been removed from the (defendant's) home. In fact, K. S.'s recantation during the abuse and neglect adjudicatory hearing was central to the ... defense. He claimed that the offenses never occurred and that the victim( was) lying. During cross-examination of K. S., (defense) counsel confronted her with the testimony she gave during the abuse and neglect proceedings wherein she denied that the appellant sexually assaulted her. Given the appellant's own reliance upon its admission, we find no merit to the assignment of error. See syllabus point 2, _Bowman, supra_

_State v. Cyrus_, No. 33453 (2008). Clearly, the defense counsel rendered ineffective assistance to petitioner by appealing on an issue which was part of case-in-chief.

Ineffective assistance of counsel occurs when counsel's performance is deficient under an objective standard and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. _State v. Miller_, 194 W. Va. 3 (1995). If defense counsel had placed Dr. Wallace before the jury to testify about the report which indicated K. R. S. was not sexually abused, and if they had elicited to expert testimony from the state's witnesses, and if defense counsel had not disputed admission of the evidence from the abuse and neglect proceeding, the results of the the underlying criminal proceeding would have been different. Therefore, the defense counsel rendered ineffective assistance to the Petitioner.

Petitioner was convicted of committing the offense of incest predicated on an act of sexual intercourse sometime in 2002, W. Va. Code § 61-8-D (1994, 1st Ex. Sess., c. 23), in 2002 (Count 20) and petitioner was convicted of committing the offense of Sexual Abuse by a custodian predicated on the same act of sexual intercourse sometime in 2002 (Count 19), W. Va. Code § 61-8D-5 (1998, c. 117).In her testimony before the state habeas court, K. R. S. testified under oath that she "was supposedly molested by my step-father, Howard Lee Cyrus, beginning around age thirteen and a-half years old," (i.e., June 2003). _Cyrus v. Ballard_, Circuit Court of Mercer County, W. Va., Civil Case No. 08-C-322, Transcript, 11-24-08, p. 17. Taken at face value, her 2008 testimony directly repudiates her trial testimony two years earlier underlying the guilty verdicts on Counts 19 and 20 as those offenses purportedly occurred when K. R. S. was 12 years old, and Counts 22 and 23 if those acts were committed before June 12, 2003, when K.R.S. was 13 years old.

In both crimes, the alleged victim was the K. R. S., (DOB: 01-12-90), the biological daughter of Vicky Cyrus, petitioner's wife, and Roger Richardson. Defense Counsel failed to object to imposition of consecutive sentences despite the obvious violation of the double jeopardy clause of the Fifth Amendment of the Constitution of the U.S.A. Appellant counsel failed to raise as error the imposition of consecutive sentences arising out of the same transaction.

On January 30, 2001, K. R. S. was examined by Dr. Gregory H. Wallace, D.O., at the Robert C. Byrd Clinic, Lewisburg, W. Va. Dr. Wallace's finding included a finding that

-6-

She was a Tanner 3 white female with an annular hymen that was intact and without evidence of bruising. Vaginal opening was very tightly constricted and I could barely get my finger tip in the vaginal opening to get my cultured tips inserted....My impression is that this child does not make a disclosure of sexual abuse. She is very convincing with that disclosure to me. I find no evidence of sexually transmitted disease nor physical exam to confer with that. My impression is that this child is not sexually abused.

On August 20, 2003, K.R.S. was removed from the Cyrus family home and placed in Foster Care with Rolena Treadway in Raleigh County. Shirley Aycoth, a nurse practitioner examined K. R. S.. When she examined K.R.S. at Bluefield Regional Hospital in 2003, she "didn't find any physical injuries or any physical findings." Nurse Aycoth made no determination whether K.R.S. had advanced from Stage 3 to Stage 4.[1] She also testified that K.R.S.'s hymen was not intact. On cross-examination, defense counsel failed to secure an admission from Nurse Aycoth that a hymen can be in that condition from causes other than sexual intercourse. Petitioner does not know if the state possessed colposcopic slides (magnified photographs) of the victim's hymen during the 2003 examination. _State v. Williams_, 225 W. VA. 256 (2010)

Petitioner was convicted of committing an act  incest sometime between January and August 2003 (Count 22),  W. Va. Code § 61-8-D (1994, 1st Ex. Sess., c. 23). And petitioner was convicted of committing the offense of Sexual Abuse by a custodian between January and August 2003, (Count 23),  W. Va. Code § 61-8D-5 (1998, c. 117). In both crimes the alleged victim was K.R.S., (DOB: 01-12-90) the biological daughter of Vicky Cyrus, petitioner's wife, and her prior husband, Roger Richardson. The Court suspended the sentence on Count 22. Defense Counsel failed to object to imposition of consecutive sentences despite the obvious violation of the double jeopardy clause of the 5th Amendment of the Constitution of the U.S.A.

The pretrial investigation of the defense counsel was unreasonable as counsel did consider or bring to the Court's attention an earlier decision of the Supreme Court of Appeals that held that while a defendant could be charged and punished distinctly for the crimes of abduction with intent to defile and second degree sexual assault, only one conviction was possible. _State v. Davis_, 376 S. E. 2d 564 (1988). Given the factual circumstances of petitioner's case, while he could be charged and punished distinctly for the crimes of incest and sexual abuse of a custodian, only one conviction is possible given the overlap the essential elements of these offenses.

(b) If you did not exhaust your state remedies on Ground One, explain why: Not applicable

---

[1] _State v. Cyrus_, Circuit Court of Mercer County, 05-F-307(F), Trial Transcript,  April 12, 2006, 381-383

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?:  No  ☒
(2) If you did not raise the issue in your direct appeal, explain why: In practically all cases, the Supreme Court of Appeals requires claims of ineffective assistance of counsel to be raised in collateral proceedings.

(d)     **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                Yes ☒   No ☐
(2) If your answer to Question (d)(1) is "Yes" state:
Type of motion or petition: Petition for Post-Conviction relief
Name and location of the court where the motion or petition was filed: Circuit Court of Mercer County, Princeton W. Va.
Docket or case number (if you know): Civil Action No. 08-C-322-DS
Date of the court's decision: February 19, 2009
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     Yes ☒   No ☐
(4) Did you appeal from the denial of your petition?          Yes ☒   No ☐
(5) If your answer to Question (d)(4) is "Yes"
        did you raise this issue in the appeal?              Yes ☒   No ☐
(6) If your answer to Question (d)(4) is "Yes" state:
Name and location of the court where the appeal was filed:
Supreme Court of Appeals of West Virginia, Charleston, W. Va.
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures that you have used to exhaust your state remedies on Ground One:

B.  Ground Two: Petitioner was denied his constitutional rights as secured by the Fifth And Fourteenth Amendments to the U.S. Constitution when Deborah Garton, prosecuting attorney, suppressed exculpatory evidence which would have enabled petitioner to present a complete defense. ***Cone v. Bell***, 129 S. Ct. 1769, 1782 (2009); ***U.S. v. Brady***, 473 U. 667, 682 (1985) ***Brady v. Maryland***, 373 U.S. 83, 87, 90-91 (1963)

(a) Supporting Facts:

        Deborah Garton suppressed evidence from the Petitioner that was helpful in the defense of the Indictment which resulted in the charges of the underlying criminal matter.

-8-

Reports of examinations and tests. Upon request of the defendant the state shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the state, and which are material to the preparation of the defense or are intended for use by the state in chief at the trial. *Rule 16(a)(1)(D)*, *W. Va. Rules of Criminal Procedure*

Despite apparent knowledge of this rule, Deborah Garton failed to provide a copy of a report completed by Dr. Gregory H. Wallace to the defense counsel for the underlying criminal offense. Phillip A. Scantlebury and David. C. Smith did receive a copy of the report completed by Dr. Wallace only because the petitioner actually had a copy of said report in his possession. Even though Mr. Scantlebury and Mr. Smith ultimately received a copy of said report, Ms. Garton failed to comply with Rule 16 that required her to provide a copy of said report to Counsel for the defendant. . As a result of her failure to fulfill her responsibilities, Mr. Scantlebury and Mr. Smith were hampered in their preparation of a defense of the petitioner. Clearly, this violation of this rule fo criminal procedure caused undue prejudice to the Petitioner by causing great delays for Mr. Scantlebury and Mr. Smith in developing a defense to the charges.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)   Direct Appeal of Ground Two: (1) If you appealed from the judgment of conviction, did you raise this issue?:   Yes  ☒    No  ☐

(d)   **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                  Yes  ☒    No  ☐
(2) If your answer to Question (d)(1) is "Yes" state:
Name and location of the court where thepetition was filed: Circuit Court of Mercer County, Princeton W. Va.
Docket or case number (if you know): Civil Action No. 08-C-322-DS
Date of the court's decision: February 19, 2009
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      Yes  ☒    No  ☐
(4) Did you appeal from the denial of your petition?            Yes  ☒    No  ☐
(5) If you answer to Question (d)(4) is "Yes"
      did you raise this issue in the appeal?                    Yes  ☒    No  ☐
(6) If your answer to Question (d)(4) is "Yes" state:
Name and location of the court where the appeal was filed: Supreme Court of Appeals of West Virginia
Docket or case number (if you know):

Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (.) that you have used to exhaust your state remedies on Ground Two:

C.     Ms. Deborah Garton, prosecuting attorney,  knowingly presented false testimony and she failed to correct testimony that she knew to be false. *Giglio V. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972);  **Napue v. Illinois**, 360 U.S. 264, 226 (1959); *Mooney v. Holohan*, 294 U.S. 203 (1935).

(a) Supporting Facts

Deborah Garton placed evidence before the jury with total awareness that the K.R. S. had previously testified that the accused did not abuse her in a prior  abuse and neglect proceeding. Therefore,  Ms. Garton induced the witness, K.R.S. to commit perjury.  She allowed a state witness to perjurer herself when she allowed  K. R. S., the alleged victim, to testify under oath, that petitioner had sexually abused her. The prosecutor made no effort to correct the witness's false statements.

The State Supreme Court has defined the role of the a prosecutor in criminal cases, and stated this role as follows:

1.     The prosecuting attorney occupies a quasi-judicial position in the trial of a criminal case. He is required to avoid the role of a partisan, eager to convict, and must deal fairly with the accused as well as the other participants in the trial. It is the prosecutor's duty to set a tone of fairness and impartiality, and while he may and should vigorously pursed the State's case, in so doing he must no abandoned the quasi-judicial role with which he is cloaked under the law. Syl pt. 5, *State v. Boyd*, 160 W. Va. 742 (1977).

When a prosecutor  fails to fulfill, her quasi-judicial role and becomes overzealous, there are four factors which are taken into account determining whether the prosecutor's conduct was improper. *State v. Sugg*, 193 456 S.E.2d 469, *State v. Keesecker*, 2008 W. Va. LEXIS 2B No: 3337 March 11, 2008 (Mercer Co. Reversed). These factors are as follows: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to have a prejudicial effect upon the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks at issue, was the strength of the proof introduced enough to established the guilt of the accused; and (4) whether the comments were deliberately placed before the jury in order to divert attention extraneous issues. *Id.*

K.R.S. testified that petitioner had sexually assaulted her  several occasions. In a contemporaneous legal proceeding, the Juvenile Abuse and Neglect Proceeding, K. S. testified that petitioner did not sexually assault her. K.R. S. also testified that she was lying in all of the letters she wrote recanting any statements that the Petitioner has sexually assaulted her.

As a result of the inconsistent testimony of K. R.S.,  Deborah Garton mislead the petit jury. The jury was misled by Ms. Garton because the jury was placed in a position where it had to decide whether K .R.S. was being truthful under oath during the criminal prosecution of petitioner or if K. R.S.  had been truthful when testifying under oath in the abuse and neglect proceedings, and if he was being truthful in the letters K. R.S. sent petitioner. .

K.R.S. contradictory narratives recounting petitioner's alleged behavior yielded an extensive testimony concerning her recollection of petitioner's actual behavior over a lengthy period of time. The presentation of multiple versions of petitioner's behavior while K.R.S. lived in petitioner 's home could only confuse  the members of petit jury.

K. R. S.'s descriptions of petitioner's behavior was inconsistent and contradictory. It is apparent that the other evidence presented in the petitioner's trial  was not enough to establish a finding of guilt of the Petitioner's commission of the charged offense, i.e. sexual intercourse, with K.R.S. between January 2001 and prior to August, 2003, as opposed to lesser uncharged acts of prohibited sexual contact. Clearly, Ms. Garton abandoned her quasi-judicial role duty as an officer of the court to seek justice.

When Ms. Garton encouraged K. R.S. to testify that petitioner has sexually abused her, she clearly intended to divert the jury's attention from equally plausible evidence which exonerated petitioner. Ms. Garton allowed K. R. S. to make inconsistent statements under oath; therefore, Ms. Garton allowed K. R.S. to commit perjury in the criminal trial when she testified that petitioner had sexually molested her as Ms. Garton knew K.R.S. had earlier testified in the child neglect and abuse proceeding that petitioner had not sexually molested her. As a result, Ms. Garton deliberately provided  false testimony to the petit jury, and,  abandoned her quasi-judicial role as an officer of the court in order to obtain petitioner's conviction.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Ground 3 is exhausted. The ground is exhausted.

(c)     **Direct Appeal of Ground Three:**
(c)(1) If you appealed from the judgment of conviction, did you raise this issue?: Yes   ⊠
(c)(2) If you did not raise the issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**
(1) Did you raise this issue through a petition for habeas corpus in a state court? Yes   ⊠
(2) If your answer to Question (d)(1) is "Yes" state:

-11-

Name and location of the court where the motion or petition was filed: Circuit Court
of Mercer County, Princeton W. Va.
Docket or case number (if you know): Civil Action No. 08-C-322-DS
Date of the court's decision: February 19, 2009
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     Yes ☒   No ☐
(4) Did you appeal from the denial of your petition?          Yes ☒   No ☐
(5) If you answer to Question (d)(4) is "Yes"
        did you raise this issue in the appeal?               Yes ☒   No ☐
(6) If your answer to Question (d)(4) is "Yes" state:


(e) **Other Remedies**: Describe any other procedures (.) that you have used to exhaust
your state remedies on Ground Three:

D.  Ground Four:     Petitioner was denied due process of law as secured by the Fifth and
Fourteenth Amendments to the Constitution of the U.S.A. when he convicted upon
insufficient evidence., _Fiore v. White_, 531 U.S. 225, 228-29 (2001); _Jackson v. Virginia_,
443 U.S. 307, 319 (1979)

(a) Supporting Facts:

        The Petitioner in the case at bar was convicted of incest and sexual abuse upon
insufficient evidence. The evidence in the underlying criminal proceeding was insufficient
because if failed to show that the Petitioner sexually abused or assaulted K.R.S. beyond
a reasonable doubt. The indictment specifically alleged sexual intercourse and therefore
less intrusive forms of sexual contact should not have been presented to the jury.

        In arguing that evidence is insufficient, "[a] criminal defendant ... takes on a heavy
burden. An appellate court must review all the evidence, whether direct or circumstantial,
in the light most favorable to the prosecution and must credit all inferences and credibility
assessments that the jury might have drawn in favor of the prosecution. The evidence need
not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt
beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are
expressly overruled". Syllabus Point 3, _State v. Guthrie_, 194 W. Va. 657, 461 S.E.2d 163
(1995). Furthermore, "[t]he function of an appellate court when reviewing the sufficiency
of the evidence to support a criminal conviction is to examine the evidence admitted at trial
to determine whether such evidence, if believed, is sufficient to convince a reasonable
person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is
whether, after viewing the evidence in the light most favorable to the prosecution, any
rational  jury could have found the essential elements of the crime proved beyond a
reasonable doubt". Syl. Point 1, _State v. Guthrie_, 194 W. Va. 657, 461 S.E.2d 163 (1995).

        During petitioner's  trial, the State elicited testimony from five witnesses. One, the

-12-

initial state witness, V.C., testified that she has been sexually assaulted by the petitioner, but failed to testify that any of the episodes of sexual assault occurred in Mercer County, West Virginia. The jury did not find V.C. to be credible witness and the jury acquitted petitioner of all charges involving V.C. Two, the primary state witness, K.R.S., testified that she had been sexually molested by the petitioner, and she testified the she had lied under oath in a Juvenile Abuse and Neglect Proceeding. K.R.S. also testified that she was lying in letters she wrote recanting any statements that the petitioner has sexually molested her. Three, Shannon Beck testified about her counseling sessions with K.R.S.. On cross-examination, Ms. Beck testified about the issues regarding the believability of individuals who recant their allegations of sexual abuse. Four, Krystal Leedy also testified that K.R.S. had told her petitioner had sexually assaulted her. And, five, Ms. Shirley Aycoth, a family nurse practitioner with special certification in examining victims of sexual assault, testified that K.R.S. had told her that petitioner had sexually assaulted her. However, upon a physical examination of K.R.S., Ms. Aycoth testified that she found no collaborative physical evidence to support the allegations of K. R. S.

Phillip A. Scantlebury and David. C. Smith submitted a report completed by Dr. Gregory H. Wallace. In January 2001. Dr. Wallace had examined the primary state witness. Dr. Wallace's impression was that K. R. S. had not been sexually abused. K, R. S. did not disclose to Dr. Wallace that had been sexual abuse. Dr. Wallace found her denial of sexual abuse to be credible. He found no evidence of sexually transmitted disease. Mr. Scantlebury and Mr. Smith presented eight defense witnesses including the petitioner. The defense witnesses basically testified to the petitioner's character and his conduct around K.R.S. In his trial testimony, petitioner denied K.R.S.'s allegations, and testified about his love for his children.

At petitioner's trial,   K. R. S. testified that petitioner sexually molested her. However, she had previously testified under oath in the related Juvenile Abuse and Neglect proceeding that this petitioner had never engaged in any inappropriate sexual conduct. Deborah Garton also presented witness testimony which indicated that K.R.S. had stated to other individuals that the petitioner had engaged in inappropriate sexual conduct with K.R.S.; however, Ms. Garton failed to present any physical evidence which might corroborate the allegations of K.R.S.

Along with the absence of material and relevant physical evidence of inappropriate sexual contact, Defense Counsel presented additional evidence which clearly indicated that the allegations of inappropriate sexual behavior of the Petitioner towards K.R.S. where just mere allegations. Given that there was no indication of physical evidence of the petitioner's alleged inappropriate sexual contact with K.R.S., and given that the testimony of the primary state witness did not provide specific and definitive description of the time, place, location or type for each instance of prohibited sexual contact, the jury could not reliably and unanimously find sufficient evidence to sustain a conviction for four separate and distinct criminal incidents.

When the testimony of K.R.S. is examined in a light favoring the prosecution, it is

-13-

upon K.R.S.'s testimony, under oath, in the Juvenile Abuse and Neglect proceeding that the petitioner never engaged in inappropriate sexual contact with her. Furthermore, the letters written by K.R.S. recanting any statements of inappropriate sexual contact along with the lack of physical evidence indicating that the Petitioner did engage in inappropriate sexual conduct with K.R.S. are viewed in a light favoring the prosecution, a conclusion that the evidence in the Petitioner's trial was sufficient to sustain a conviction cannot clearly be reached because it is apparent that the State of West Virginia's burden of proof was not met in the Petitioner's trial .

(b) If you did not exhaust your state remedies on Ground Four, explain why: Not Applicable

(c)     **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?:     No   ☒
(2) If you did not raise the issue in your direct appeal, explain why: The direct appeal was prepared by Phillip A. Scantlebury and David. C. Smith,  trial counsel.

(d)     **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                    Yes  ☒     No  ☐
(2) If your answer to Question (d)(1) is "Yes" state:
Type of petition: Petition for Post-Conviction under WV Code § 53-4A-1 *et. seq.*
Name and location of the court where the motion or petition was filed:
Circuit Court of Mercer County, Princeton,  WV
Docket or case number (): SER CYRUS v. BALLARD, Civil Action No. 08-C-322-DS
Date of the court's decision: February 19, 2009
Result (attach a copy of the court's opinion or order, if available):
(3) Did you receive a hearing on your motion or petition?     Yes  ☒     No  ☐
(4) Did you appeal from the denial of your motion or petition? Yes   ☒      No  ☐
(5) If your answer is "Yes" did you raise this issue in the appeal? Yes   ☒     No  ☐
(6) If your answer to Question (d)(4) is "Yes" state:
Name and location of the court where the appeal was filed: Supreme Court of
        Appeals of West Virginia, Charleston, W. Va.
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did
        not raise this issue: Not Applicable

(e) **Other Remedies**: Describe any other procedures () that you have used to exhaust your state remedies on Ground Four:

E.     Petitioner was denied due process of law as secured by the Fifth and Fourteenth
       Amendments to the U.S. Constitution, when the State Court failed to grant a new
       trial predicated on the recantation of her trial testimony by the State's sole witness.

-14-

(a) Supporting Facts:

As a result of newly discovered evidence, a new trial is warranted. This newly discovered evidence relates to another recantation by the alleged victim K.R.S.  In West Virginia,  a new trial may be granted when five factors are met:

(1)   The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or in its absence satisfactorily explained;

(2)   It must appear from facts stated in his affidavit that the Defendant, was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict;

(3)   Such evidence must be new and material, and not merely cumulative, and cumulative evidence is additional evidence of the same point;

(4)   The evidence must be such as ought to produce an opposite result  at a second trial on the merits; and

(5)   The new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side. *State v. Crouch*, 191 W. Va. 272, 275-6 (1994).

Although, the aforementioned rule allows for a new trial to be generally refused, the state court has also said that the rules set forth for the grant of a new trial does not mean that a new trial will never be warranted if the newly discovered evidence  merely impeaches a witness. *State v. Stewart*, 161 W. Va. 127, 136 (1977). In *Stewart*, the court also stated that "in most such cases where relief is granted, the witness whose testimony is impeached by the newly-discovered evidence is the principle or sole witness for the government without whose testimony there would be no conviction". *Id.* At 138.

K.R.S. wrote her letters recanting her trial testimony  on or after  October 6, 2006. These letters were written after the petitioner was convicted and sentenced. This evidence was discovered after the Petitioner's trial. Petitioner was diligent in ascertaining and securing his evidence, because this evidence was delivered to the Petitioner by U.S. Mail to him at his place of incarceration. Petitioner had no influence in gathering of this newly discovered evidence. Since in her letters K.R.S.'s recants her allegations, this information is new and material would produce an acquittal in any new trial on the merits. *Hash v. Johnson*, 2012 U.S. DIST.LEXIS 25483 (2012)

It is obvious that any information pertaining to the victim, K.R.S.,recanting her original allegations should produce an opposite result at a second trial on the merits. Some courts have found a credible recantation by a material witness alone to provide a basis for habeas relief. See, *Sanders v. Sullivan*, 863 F.2d 218, 222-26 (2d Cir. 1988); *Burks v. Egeler*, 512 F.2d 221, 226 (6th Cir. 1975). This October letter is a total refutation of K.R.S.'s trial testimony. *See, Hays v. Farwell*, 482 F. Supp. 2d 1180 (2007) (Before trial, the daughter recanted her story but the prosecutor threatened her if she did not testify. The district court found that the evidence showed that the prisoner was actually innocent of the

charges. Habeas relief granted.)

      The aforementioned letter was written by the primary state  witness at petitioner's trial. In this matter, the victim, K.R.S., sent the Petitioner a letter upon the conclusion of his trial in the underlying criminal matter and, even, after his sentencing. In this letter, K.R.S. literally recants her statements   of all of the acts which resulted in the Petitioner's incarceration. The newly discovered evidence contained within this letter was discovered upon conclusion of petitioner's trial and therefore it could not have been obtained before the jury returned their  verdict. It is new and material. Furthermore, this newly discovered evidence would produce a not guilty verdict in a second trial.. Based upon this analysis of the newly discovered evidence in this matter, it is apparent that the Petitioner deserves a new trial. _Hicks v. Howton_, 675 F. Supp. 2d 1050, 1057 (2009)(New reliable evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated); See, _Cannedy v. Adams_, 2009 U.S. DIST. LEXIS 102514 (2009) (Magistrate recommended grant of habeas relief on claim that trial counsel: (1) ineffectively failed to investigate Janelle Cummins' statement that victim recanted her allegations of molestation in an "AOL Instant Messenger" message; and (2) ineffectively failed to call Janelle to testify concerning the content of that message)

(b) If you did not exhaust your state remedies on Ground Five, explain why: Not applicable.

(c) **Direct Appeal of Ground Five:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?:  Yes  ☒
  (2) If you did not raise the issue in your direct appeal, explain why: Not Applicable
(d)    **Post-Conviction Proceedings:**
  (1) Did you raise this issue through a petition for habeas corpus in a state court? Yes
  (2) If your answer to Question (d)(1) is "Yes" state:
      Type of motion or petition: Petition for Post-Conviction Relief
      Name and location of the court where the motion or petition was filed: Circuit Court of Mercer County, Princeton, West Virginia
      Docket or case number (if you know): 10-C-32 DS / 08-C-322-DS
      Date of the court's decision: February 19, 2009
      Result (attach a copy of the court's opinion or order, if available):
  (3) Did you receive a hearing on your motion or petition?     Yes ☒   No ☐
  (4) Did you appeal from the denial of your motion or petition? Yes  ☒   No ☐
  (5) If you answered "yes" to Question 4,  did you raise this issue in the appeal?
      Yes  ☒   No ☐ - The issue was raised in the direct appeal.
  (6) If your answer to Question (d)(4) is "Yes" state:
      Name and location of the court where the appeal was filed: Supreme Court of Appeals of W. Va., Charleston, W. Va.
      Docket or case number (if you know):
      Date of the court's decision:
      Result (attach a copy of the court's opinion or order, if available):
      (7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: Not Applicable

(e) **Other Remedies**: Describe any other procedures that you have used to exhaust your state remedies on Ground Five:

13.    Please answer these additional questions about the petition you are filing:
(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction.    Yes  ☒    No  ☐
(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Not applicable

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    No  ☒

15.    Do you have any petition or appeal now pending  in any court, either state or federal, for the judgment you are challenging?  No  ☒

16.    Give the name and address of each attorney who represented you in the following stages of the judgment you are challenging:

(a)-(e)    At preliminary hearing, arraignment and plea, trial, sentencing and appeal: Phillip A. Scantlebury and David. C. Smith, Suite 2005, Law and Commerce Building, Bluefield, West Virginia 24701
(f)    In any Post-Conviction Proceeding : Michael P. Cooke, 307 Federal Street, Suite 291, P. O. Box 2091, Bluefield, W. Va. 24701
(g)    On Appeal from any ruling against you in a Post-Conviction Proceedings :Michael P. Cooke, 307 Federal St., Suite 291, P. O. Box 2091, Bluefield, W. Va. 24701; Paul R. Cassel, Cassel and Crewe, P. C., Barrister Bldg., 340 W. Monroe St., Wytheville, Va. 24382

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        No  ☒

18. TIMELINESS OF PETITION:

As of September 21, 2012, petitioner estimates that at least one hundred and eighty-one days (101)  remaining in initial one year statute of limitation. Petitioner's direct appeal was filed on February 7, 2007. The Supreme Court of Appeals of West Virginia issued an opinion affirming the lower court's ruling on March 27, 2008. Petitioner had ninety days in which to file an application for a writ of certiorari. The Statute of Limitations begin running on June 27, 2008, however, petitioner submitted a petition for post-conviction relief to the Circuit Court of Mercer County, W. Va., on June 2, 2008. On September 2, 2008, an amended petition for post-conviction relief was filed in the Circuit Court of Mercer County. On April 2, 2009, the Circuit Court of Mercer County, W.Va., denied petitioner's application for post-conviction relief. Counsel filed a notice of appeal on March 17, 2009, and a petition for appeal was filed with the Supreme Court of Appeals of

West Virginia (SCAWV) on September 28, 2009. The SCAWV refused the petition on November 24, 2009.

Petitioner filed a petition for post-conviction relief with the Circuit Court of Mercer County, W. Va., on January 22, 2010, and February 2, 2010. The Court appointed counsel to represent petitioner on March 12, 2010, and an amended petition for Post-Conviction Relief was filed on August 2, 2010.  A hearing was held on January 11, 2011. The Court issued an order denying this petition on June 3, 2011. A notice of appeal was filed on July 1, 2011. The SCAWV denied petitioner's appeal on September 7, 2012.

Therefore, petitioner prays  that this Court grant the following relief:

1)      Petitioner prays this court will grant permission to proceed in forma pauperis and issue an appropriate order, 28 U.S.C. § 1915;

2)      Petitioner prays this Court will appoint counsel to assist petitioner perfect his petition for post-conviction relief, 18 U.S.C. § 3006A(a)(2)(B); ***Bounds v. Smith***, 430 US. 817, 827-28 (1977);

3)      Petitioner prays this Court will direct the attorney general to answer the petition pursuant to Rule 3(b) and 4 of the Rules Governing § 2254 Cases/

4)      Petitioner prays this Court will afford petitioner an evidentiary hearing on the issues the state court did not fully develop pursuant to 28 U.S.C. § 2243; ***Townsend v. Sain***, 372 U.S. 293, 313-319 (1963); ***Wainwright v. Sykes***, 433 U.S. 72, 87 (1977); ***Blackledge v. Allison***, 431 U.S. 63, 83-84 (1977).

5)      Such other and additional relief as court deems right and proper.

I declare  under penalty of perjury that the foregoing is true and correct and that this

Petition for Writ of Habeas Corpus was placed in the prison mailing system on December

17, 2012; Executed on December  17,   2012.


Harold Cyrus

Harold Cyrus

-18-