IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

HAROLD L. CYRUS,

      Petitioner,

v.                            Civil Action No: 1:12-09341

DAVID BALLARD,
Warden

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Doc. No. 2), and respondent's motion for summary judgment, (Doc. No. 23). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on August 4, 2015. (Doc. No. 36). In the PF&R, Magistrate Judge VanDervort recommended that the court grant respondent's motion for summary judgment and dismiss petitioner's petition for a writ of habeas corpus. (Doc. No. 36 at 45-6).

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Petitioner

requested and received an extension for submission of objections.  (Doc. Nos. 38, 40).  Petitioner timely filed objections on September 2, 2015.  (Doc. No. 43).  Because petitioner's objections are without merit, the court adopts the PF&R, grants respondent's motion for summary judgment, and dismisses petitioner's petition.

I.  **Background**

On May 9, 2005, the Grand Jury of Mercer County, West Virginia charged petitioner in a twenty-three count indictment, charging him with:  (1) six counts of Sexual Assault in the First Degree in violation of West Virginia Code § 61-8B-3 (Counts 1, 3, 6, 9, 12, 15); (2) eight counts of Sexual Abuse by a Custodian in violation of West Virginia Code § 61-8D-5 (Counts 2, 4, 7, 10, 13, 16, 19, 22); seven counts of Incest in violation of West Virginia Code § 61-8-12 (Counts 5, 8, 11, 14, 17, 20, 23); and two counts of Sexual Assault in the Third Degree in violation of West Virginia Code § 61-8B-5 (Counts 18, 21).  (Doc. No. 23, Exh. 1).  The alleged victims in the case were step-sisters V.C., daughter of petitioner, and K.R.S., petitioner's step-daughter.

On April 12, 2006, following a two-day jury trial, petitioner was convicted on counts 19 and 22 of Sexual Abuse by

a Custodian and counts 20 and 23 of Incest.[1]  The Circuit Court sentenced petitioner to two terms of "not less than ten (10) nor more than twenty (20) years" on counts 19 and 22 and two terms of "not less than five (5) nor more than fifteen (15) years" on counts 20 and 23.  The Circuit Court suspended petitioner's sentence for count 22 and ordered that the remaining sentences run consecutively.

Petitioner presented a number of appeals and habeas petitions in State court, all of which were denied.[2]  On December 19, 2012, petitioner filed in this court a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  (Doc. No. 2).  In his petition, petitioner alleged the following grounds for habeas relief:

1.  That he was denied meaningful and effective assistance of counsel during his trial and appeal as guaranteed by the First, Fifth, Sixth, and Fourteenth Amendments.
    a.  Defense counsel failed to have Dr. Gregory H. Wallace testify before the jury;
    b.  Defense counsel failed to consult with an expert on child sexual abuse or provide expert testimony on child sexual abuse;
    c.  Defense counsel appealed issues which they brought forth on cross-examination of State witnesses;

---

[1] Upon conclusion of the State's case, defense counsel moved to dismiss the indictment.  The Circuit Court granted the motion as to eight counts:  counts 1, 2, 6, 7, 8, 9, 10, and 11.  The jury found petitioner not guilty on counts 3, 4, 5, 12, 13, 14, 15, 16, 17, 18, and 21.  The counts of conviction related to petitioner's abuse of K.R.S. alone, rather than K.R.S. and V.C.
[2] The court incorporates by reference the specific and detailed procedural history contained in the PF&R.

      d.    Defense counsel appealed the admission of evidence into petitioner's trial, which they relied upon in defense of petitioner;

      e.    Defense counsel allowed petitioner to be convicted of incest although there is no consanguineous relationship between petitioner and his wife's daughter;

      f.    Defense counsel did not contest the imposition of consecutive sentences for incest and sexual abuse by a custodian despite the overlap in essential elements of the offense;

      g.    Defense counsel failed to safeguard petitioner's right to a unanimous verdict because it was impossible to find, with any degree of certainty, that each juror agreed upon a single, discrete, identifiable act of sexual intercourse in 2002 to correspond to the allegations advanced in counts 19 and 20 of the Indictment.

2.    Petitioner was denied his constitutional rights as secured by the Fifth and Fourteenth Amendments when Deborah Garton, prosecuting attorney, suppressed exculpatory evidence which would have enabled petitioner to present a complete defense.

3.    Deborah Garton, prosecuting attorney, knowingly presented false testimony and failed to correct testimony that she knew to be false.

4.    Petitioner was denied due process of law as secured by the Fifth and Fourteenth Amendments when he was convicted upon insufficient evidence.

5.    Petitioner was denied due process of law as secured by the Fifth and Fourteenth Amendments when the State court failed to grant a new trial predicated upon the recantation of the trial testimony by the State's sole witness.

(Doc. No. 2).  On October 10, 2014, respondent filed a motion for summary judgment, arguing that petitioner's claims were frivolous and without merit.  (Doc. No. 25).

## II.  **Applicable Law**

In evaluating summary judgment motions, Rule 56(a) of the
Federal Rules of Civil Procedure provides that "[t]he court
shall grant summary judgment if the movant shows that there is
no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law."  Material facts are
those necessary to establish the elements of a party's cause of
action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).  A genuine issue of material fact exists if, in viewing
the record and all reasonable inferences drawn therefrom in the
light most favorable to the non-moving party, a reasonable juror
could return a verdict for the non-movant.  Id.

Petitioner filed his petition for habeas corpus alleging a
number of grounds for relief, including ineffective assistance
of counsel.  Under the two-prong standard set forth by the
Supreme Court of the United States in Strickland v. Washington,
466 U.S. 668, 687 (1984), a petitioner must demonstrate:  (1)
that counsel's performance was so deficient that it fell below
an objective standard of reasonableness, and (2) that counsel's
deficiency resulted in prejudice so as to render the results of
the trial unreliable.  Counsel's performance is entitled to a
presumption of reasonableness and judicial review of counsel's
strategic decisions is highly deferential.  Id. at 689.

The remainder of petitioner's grounds for relief are grounds previously rejected by the State habeas court.  Federal habeas relief is unavailable to a petitioner whose arguments were previously rejected by a State habeas court unless the State court findings:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2012).  Upon review of a State court's ruling on habeas relief, "we are mindful that a determination on a factual issue made by the State court shall be presumed correct, and the burden is on the petitioner to rebut this presumption by clear and convincing evidence."  Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

## III. Petitioner's Objections to the PF&R

Initially, the court notes that petitioner's objections reiterate the arguments he presented in his habeas petition and, in some cases, do not relate to the conclusions contained in the PF&R.  Petitioner's arguments "do not direct the court to a specific error in the magistrate's proposed findings and recommendations," but instead are "general and conclusory."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  As a

result, a court need not conduct a de novo review of such objections. Id. However, the court has nevertheless conducted a de novo review and concludes that petitioner's objections are without merit.

### 1.   Ineffective Assistance of Counsel

#### A.   Failure to Call Dr. Gregory H. Wallace as Witness

In the PF&R, Magistrate Judge VanDervort concluded that trial counsels' decision not to call Dr. Wallace was a matter of strategy and, therefore, did not fall below a subjective standard of reasonableness. (Doc. No. 36 at 17). Petitioner objects that Dr. Wallace did not find evidence that K.R.S. had been sexually abused and that trial counsels' decision not to call Dr. Wallace resulted from "the Court's refusal to allow defense counsel to depose Dr. Wallace." (Doc. No. 43 at 4).

Having reviewed the record, the court concurs with the PF&R's conclusion that petitioner has not shown that his trial counsels' performance fell below an objective standard of reasonableness. As noted by the State habeas court, "Dr. Wallace was almost always called by the State as a witness in [sexual abuse] cases, and . . . his testimony was usually damaging to the defense." (Doc. No. 23, Exh. 9 at 29). As a result, petitioner's "trial counsel made a tactical decision to agree to the admission of the report, to limit the downside potential from a live examination of Dr. Wallace." Id.

7

From all appearances, trial counsels' decision worked in petitioner's favor. In a report dated January 29, 2002, completed after he had examined K.R.S., Dr. Wallace opined that K.R.S. had not been sexually abused. This report was introduced as an exhibit at trial and submitted to the jury. While the jury convicted petitioner of committing sexual abuse and incest in 2002 and 2003, it also found him not guilty of similar charges dating from 1996 to 2001. It also appears that petitioner's trial counsel was free to depose Dr. Wallace, but, as petitioner concedes, his trial counsel testified that Dr. Wallace was not in the state at the time of trial and counsel had difficulties serving Dr. Wallace with a subpoena. (Doc. No. 23, Exh. 17 at 9; Doc. No. 43 at 4).

Finally, at his trial, petitioner concurred with his counsels' judgment on the record and stipulated to the admission of Dr. Wallace's report in lieu of his testimony. After his counsel stated that the defendant agreed to submission of Dr. Wallace's report instead of calling Dr. Wallace as a witness, the court confirmed that petitioner agreed with and understood this decision:

> THE COURT:  Okay. You understand you won't be able to complain about that at a later time, if -- if they stipulate to that report and the report goes in and you're convicted you're not gonna be able to come back and say, well we should have called him as a

8

|  | witness, he'd of been a stronger witness if he was here in person, or something, you understand you won't be able to complain about that, you understand that, you have to speak out? |
|---|---|
| DEFENDANT: | Yes. |
| THE COURT: | And again, for the record, Doctor Wallace is -- is an individual that I've found that would be normally very pro State, pro Department when he comes into -- into court so you might be better off with that than tryin' to call him as a witness -- |
| DEFENDANT: | Yes sir. |

(Doc. No. 23, Exh. 17 at 8-9). As a result, the court cannot conclude that petitioner's trial counsel performed below an objective standard of reasonableness. If anything, the record demonstrates that petitioner's trial counsel mitigated the potentially damaging testimony of Dr. Wallace, who was known to be a strong witness for the State, by stipulating to admission of Dr. Wallace's report. Because petitioner cannot demonstrate either prong of the Strickland test, the court overrules his objection.

### B. Failure to Consult or Provide Expert Testimony on Child Sexual Abuse

Magistrate Judge VanDervort found that petitioner's argument regarding an expert witness failed the second prong of Strickland's two-prong test: he did not demonstrate that he was prejudiced by trial counsels' failure to call an expert witness

9

regarding child sexual abuse.  (Doc No. 36 at 20).  In his

objections, petitioner argues that trial counsel was deficient

in their failure to call psychologists Sherry Hedge and Samantha

Mann.  (Doc. No. 45 at 5).  However, the court notes that

petitioner did not raise this argument in his habeas petition.

Where a petitioner objects to a PF&R for failing to address an

argument he or she raised for the first time in responsive

briefing, a court need not address the objection.  Hill v.

United States, Civil Action No. 5:09CV19, 2010 WL 391627, *4

(N.D.W. Va. Jan. 26, 2010) (citing Stancik v. CNBC, 420 F. Supp.

2d 800, 808 (N.D. Ohio 2006)).

     However, having reviewed the record, the court concludes

that petitioner has not demonstrated that trial counsels'

failure to call either an expert witness or psychologists Mann

or Hedge resulted in prejudice so as to render the jury's

verdict unreliable.  Petitioner does not name any experts who

would have testified favorably on his behalf.  Petitioner's

trial counsel testified at his State omnibus hearing that expert

psychological reports were scarce at the time of petitioner's

trial.  (Doc. No. 25 at 18).  Furthermore, the court notes that

trial counsel presented the report produced by Hedge and Mann at

trial, defendant's exhibit number 6.  (Doc. No. 23, Exh. 18 at

312).  Petitioner has not demonstrated that Hedge, Mann, or any

other expert would have provided testimony on his behalf that

would have altered the jury's verdict.  Because petitioner cannot meet the <u>Strickland</u> standard, his objection is overruled.

### C & D.    Grounds Asserted by Counsel on Appeal

In the PF&R, Magistrate Judge VanDervort concluded that petitioner had not properly pled his claims that his appellate counsel was ineffective.  While <u>pro se</u> filings are held to a lesser standard than those filings by an attorney, a habeas petition must still "set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts.  Because petitioner's claim of ineffective assistance failed to explain why his appellate counsel should not have asserted certain grounds on appeal and did not demonstrate that he was prejudiced by their choice to do so, Magistrate Judge VanDervort recommended dismissal of petitioner's claim.  (Doc. No. 36 at 23).

Petitioner objects that the jury's verdict was "legally inconsistent."  (Doc. No. 43 at 10).  However, this objection does not relate to the PF&R's conclusion and does not explain how petitioner's appellate counsel was ineffective.  Petitioner has not demonstrated that his appellate counsel's performance was so deficient that it fell below an objective standard of reasonableness, nor has he demonstrated that he was prejudiced

by any deficiency in his appellate representation.  As a result, his objection is overruled.

### E.    Conviction for Incest

After reviewing the record, Magistrate Judge VanDervort concluded that petitioner's trial counsel was not ineffective regarding petitioner's incest convictions.  While petitioner argued that his trial and appellate counsel "failed to ascertain the state of the law when the offense allegedly occurred," Magistrate Judge VanDervort concluded that, for purposes of <u>West Virginia Code</u> § 61-8-12, K.R.S. was petitioner's daughter. (Doc. No. 36 at 24).  Furthermore, to the extent that petitioner contended that the statute was unconstitutional, Magistrate Judge VanDervort found that petitioner had not demonstrated that he would not have been convicted of incest but-for any alleged error by his counsel.  <u>Id.</u> at 24-5.

Petitioner presents an objection, but his argument does not relate to the PF&R's finding in this area.  Instead, his objection concerns the sufficiency of evidence to support his conviction for incest, rather than the failure of his trial or appellate counsel to argue that petitioner did not meet the statutory definition of "father."[3]  Because his objection does

---

[3] Petitioner raised the argument of insufficient evidence for his conviction as one of his grounds for habeas relief.  The court discusses the points raised by petitioner on pages 21-3, <u>infra</u>.

not relate to the PF&R's conclusion, the court overrules the objection.

### F.   Consecutive Sentences for Incest and Sexual Abuse by a Custodian

The PF&R concluded that petitioner's trial and appellate counsel were not ineffective for failing to challenge petitioner's consecutive sentences because a double jeopardy violation did not exist.  Petitioner objects that "a double-jeopardy violation occurred when he was convicted and punished for two offenses that are the same both in law and in fact."[4] (Doc. No. 43 at 16).

The court concludes that petitioner's convictions for Incest and Sexual Abuse, as well as the consecutive sentences imposed, do not violate the double jeopardy clause.  Under Supreme Court precedent outlined in Blockburger v. United States, two offenses are sufficiently distinguishable to allow for imposition of multiple punishments where each statutory "provision requires proof of an additional fact which the other does not."  284 U.S. 299, 304 (1932).  As described above, petitioner was convicted of two counts of Sexual Abuse by a Custodian and two counts of Incest.

---

[4] Petitioner raised the argument of actual innocence in regards to the PF&R's finding regarding consecutive sentences for his convictions.  The court discusses the points raised by petitioner on page 23-5, infra.

The West Virginia legislature has made it "exceptionally clear" that a violation of West Virginia Code § 61-8D-5(a), Sexual Abuse by a Custodian, is a separate offense from other sexual offenses outlined in Title 61.  State v. George W.H., 439 S.E.2d 423, 433 (W. Va. 1993) ("[S]exual abuse by a parent, custodian, or guardian is separate and distinct from the general sexual offenses in W. Va. Code, 61-8B-1, et seq.; the legislature specifically directed that it be considered separate from other offenses in the Code.  We, therefore, hold that the defendant's convictions under W. Va. Code, 61-8-12, for incest, and under W. Va. Code, 61-8D-5(a), for sexual abuse by a custodian, do not violate the double jeopardy prohibition against multiple punishments for the same offense.").  In this case, petitioner's conviction for Sexual Abuse by a Custodian required the State to prove that petitioner was K.R.S.'s custodian.  Alternatively, petitioner's conviction for Incest required the State to prove that petitioner was K.R.S.'s father (or step-father).  Just as a parent is not always his or her child's custodian, a custodian is not always the parent of a child under his or her care.  The court finds that the two offenses, Sexual Abuse by a Custodian and Incest, each require proof of separate facts under the Blockburger test and do not implicate protections against double jeopardy.  As the two statutes are sufficiently distinguishable, the Circuit Court did

14

not err in imposing consecutive sentences for petitioner's convictions.  As a result, the court finds that petitioner cannot demonstrate that his trial or appellate counsel were ineffective for failing to challenge these convictions and sentences on double jeopardy grounds.  Petitioner's objection is overruled.

### G.   Unanimity of the Jury Verdict

In response to petitioner's argument that his trial counsel failed "to safeguard [his] right to an unanimous verdict," Magistrate Judge VanDervort found that petitioner's trial counsel polled the jury and found a unanimous verdict and, as a result, petitioner had not demonstrated that his trial counsel was ineffective.  (Doc. No. 36 at 28, 29).  Petitioner's objection does not relate to the PF&R's conclusion, but instead argues that "Chris T. Smith's non-consensual sexual relationship with K.R.S." accounted for the evidence presented against petitioner.  (Doc. No. 43 at 19).  This objection does not relate to the PF&R's conclusion regarding unanimity of the jury verdict and, accordingly, is overruled.[5]

---

[5] The court notes that petitioner's objection relates to sufficiency of the evidence against him as well as actual innocence, which the court discusses infra at 21-5.

## 2.   Exculpatory Evidence

Petitioner argued in his petition that Deborah Garton, prosecuting attorney at his trial, "suppressed exculpatory evidence which would have enabled [him] to present a complete defense." (Doc. No. 2 at 8).  According to petitioner, Garton failed to provide petitioner's trial counsel with a medical report prepared by Dr. Gregory Wallace, which hampered his trial counsels' ability to defend petitioner adequately.  Id. at 9. Magistrate Judge VanDervort deferred to the State habeas court's finding that this was harmless error, as "[p]etitioner's trial counsel had this report for several months before the trial and were not surprised by it." (Doc. No. 23, Exh. 9 at 22-5; Doc. No. 36 at 33).  In his objections, petitioner argues that Magistrate Judge VanDervort did not address his contention that he was denied an impartial jury trial when he was indicted and prosecuted for crimes that occurred prior to 2002. (Doc. No. 43 at 19).  Otherwise, his objections do not address the PF&R's conclusion that petitioner's argument, raised and rejected in a State habeas proceeding, was neither an unreasonable application of federal law nor based upon an unreasonable determination of the facts and, therefore, precluded him from habeas relief pursuant to 28 U.S.C. § 2254(d).

Upon review of the record, the court finds that petitioner's objection lacks merit.  Initially, the court notes

16

that Magistrate Judge VanDervort was under no obligation to address petitioner's argument regarding an impartial jury trial. Where a petitioner objects to a PF&R for failing to address an argument he or she raised for the first time in responsive briefing, a court need not address the objection. Hill, Civil Action No. 5:09CV19, 2010 WL 391627, at *4. Petitioner did not raise this argument in his habeas petition or the accompanying memorandum, but instead raised it for the first time in his response to respondent's motion for summary judgment. (Doc. No. 31 at 23).

However, having reviewed the record, the court finds that petitioner was not denied an impartial jury trial when he was charged in a twenty-three count indictment. In his objections, petitioner argues that the indictment's charge of alleged criminal activity prior to 2002 "raises the prospect [that] the petitioner was convicted [on] the basis of a pattern of alleged conduct rather than a specific offense on a specific date in a specific manner within the jurisdiction of the criminal court." (Doc. No. 43 at 20). However, the record demonstrates otherwise. While petitioner was charged in a twenty-three count indictment asserting a number of criminal violations, the jury found petitioner not guilty on the counts he now complains prejudiced him. Instead of being convicted based upon a pattern of behavior, the jury found petitioner guilty of Sexual Abuse by

17

a Custodian and Incest in 2002 and 2003, but not guilty of those same and related charges in the years from 1996 to 2001. (Doc. No. 23, Exh. 5).  In light of the record, the court cannot conclude that petitioner was prejudiced by the inclusion of these counts, counts of which the jury found petitioner not guilty.

While it does not appear that petitioner raised this specific argument in his State habeas proceedings, he argued in prior proceedings that he was prejudiced by the State's amendment of the indictment and, subsequently, prejudiced by his trial counsels' failure to object to that amendment.  The State court denied relief, finding that amendment of the indictment did not prejudice petitioner.  As the State habeas court found, "[p]etitioner was not convicted of any of the offenses in the amended counts.  There can be no reasonable probability of a better outcome for petitioner on those counts." (Doc. No. 23, Exh. 10 at 37).  The same result follows in this case and, as a result, petitioner's objection is overruled.

### 3.    Prosecutorial Misconduct

Petitioner argued in his petition that Deborah Garton, prosecuting attorney at his trial, knowingly presented false testimony and induced K.R.S. to commit perjury at his trial. (Doc. No. 2 at 10-1).  Magistrate Judge VanDervort found that the State habeas court previously determined that Garton did not

18

breach any of her obligations as a quasi-judicial officer.
(Doc. No. 36 at 36).  As the State court findings did not
involve an unreasonable application of federal law nor were
based upon an unreasonable determination of the facts, the PF&R
concluded that habeas relief is unavailable to petitioner.  Id.
In his objections, petitioner argues that the State violated his
rights when Garton allowed false evidence to go uncorrected.

Upon review of the record, the court concurs with the
findings contained in the PF&R.  The mere existence of
discrepancies or inconsistencies in testimony does not establish
that a prosecutor knowingly used false or perjured testimony.
See United States v. Griley, 814, F.2d 967, 971 (4th Cir. 1987).
After K.R.S. told her maternal grandmother that her step-father,
petitioner, had sexually abused her, she was removed from the
home she shared with her mother and petitioner.  (Doc. No. 36 at
12).  Prior to petitioner's criminal trial, K.R.S. recanted
these allegations at an abuse and neglect proceeding, as well as
in a written letter.  Id.  However, at petitioner's criminal
trial, K.R.S. testified in detail and at length about the abuse
inflicted upon her by petitioner.  (Doc. No. 23, Exh. 18 at 204-
94).  K.R.S. acknowledged her previous testimony at the abuse
and neglect proceeding and testified that she lied because she
wanted to keep her family together and because petitioner was
the only father she had ever known.  Id. at 264.  Furthermore,

19

K.R.S. testified that her mother and petitioner had given recantation letters to her, written by petitioner, which K.R.S. rewrote in her own handwriting "so that [petitioner] would not go to prison." Id. at 282.

Other witnesses supported K.R.S.'s testimony. Counselor Shannon Beck and Child Protective Services Worker Krystal Leedy testified that K.R.S. told them that petitioner sexually abused her and that she recanted because she wanted to keep her family together. Id. at 300-05, 335. The fact that K.R.S. recanted her allegations at an abuse proceeding, then reiterated those allegations at petitioner's trial under intense cross-examination, does not demonstrate that prosecutor Deborah Garton engaged in prosecutorial misconduct or knowingly presented false testimony.

Furthermore, the State habeas court has already rejected this argument. As noted by both the State court and the PF&R, K.R.S. made a number of statements before trial which "both inculpated and exculpated" petitioner. (Doc. No. 23, Exh. 9 at 26). The State habeas court further determined that "recantations by witnesses present questions of fact to be determined by the trier of fact" and that the "trial court adequately instructed the jury on the issue of determining the credibility of witnesses." Id. Petitioner's trial counsel vigorously cross-examined K.R.S. and questioned her repeatedly

about her recantations.  Ultimately, the jury found K.R.S.
credible.  Petitioner's allegation of prosecutorial misconduct
lies solely on K.R.S.'s inconsistent statements, but as the
State habeas court already determined, such statements do not
support a finding of prosecutorial misconduct.  This
determination is neither contrary to clearly established federal
law nor an unreasonable determination of the facts in light of
the evidence presented at the State court proceeding.
Accordingly, petitioner's objection is overruled.

### 4.   Insufficient Evidence

In the PF&R, Magistrate Judge VanDervort concluded that
sufficient evidence existed for any rational trier of fact to
determine that petitioner was guilty of the crimes of
conviction.  (Doc. No. 36 at 41).  Petitioner objects that,
"[i]n the absence of a verifiable instance of actual sexual
intercourse in 2002 directly attributable to petitioner, and the
absence of a verifiable instance of actual intercourse in 2003
attributable directly to petitioner and conclusively excluding
Christopher T. Smith, there is insufficient evidence to sustain
two convictions for child abuse."[6]  (Doc. No. 43 at 22).

---

[6] Petitioner also objects that his convictions violate the double
jeopardy clause, an argument which the court addressed supra at
13-5.

Upon review of the record, the court finds that sufficient evidence supported all of petitioner's convictions.  "[E]vidence is sufficient to support a conviction whenever, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Parker v. Matthews, 132 S.Ct. 2148, 2153 (2012) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).  The jury convicted petitioner of two counts of Sexual Abuse by a Custodian and two counts of Incest.  Under West Virginia Code § 61-8D-5, Sexual Abuse by a Custodian occurs when a custodian of a child engages in, or attempts to engage in, sexual intercourse, sexual intrusion, or sexual contact with a child under his care, custody, or control.  Under West Virginia Code § 61-8-12(b), Incest occurs when a person engages in sexual intercourse or sexual intrusion with his daughter.  For purposes of the Incest statute, a step-daughter is a daughter.  W. Va. Code § 61-8-12(a)(3).

At petitioner's trial, K.R.S. testified that during the time she lived with her mother and petitioner, who was her step-father and co-guardian, petitioner engaged in sexual intercourse with her in 2002 and 2003.  (Doc. No. 23, Exh. 18 at 227-94). In his January 2002 report, Dr. Wallace opined that K.R.S. had not been sexually abused and noted that K.R.S.'s hymen was

22

intact during his examination.  Nurse Shirley Aycoth testified
that K.R.S.'s hymen was not intact when she examined K.R.S. in
August 2003.  Id. at 383.  Counselor Shannon Beck and Child
Protective Services Worker Krystal Leedy both testified that
K.R.S. informed them that petitioner sexually abused her.  Id.
at 300-05, 335.  While petitioner argues that Christopher T.
Smith caused the injury observed by Nurse Aycoth, the State was
not required to prove that petitioner alone had sexual
intercourse with K.R.S., but only that petitioner himself did so
in 2002 and 2003.  When reviewed in a light most favorable to
the prosecution, any reasonable trier of fact could have found
that petitioner, one of K.R.S.'s custodians, engaged in sexual
intercourse with his step-daughter in 2002 and 2003, supporting
convictions of Sexual Abuse by a Custodian and Incest.

Furthermore, the State habeas court reviewed this claim and
found that petitioner's conviction was supported by sufficient
evidence.  (Doc. No. 23, Exh. 9 at 32).  This conclusion is
neither contrary to established federal law nor based upon an
unreasonable determination of the facts in light of the evidence
presented.  As a result, petitioner's objection is overruled.

   **5.   Actual Innocence**

In his habeas petition, petitioner argued that he was
denied due process of law when the State habeas court failed to
grant him a new trial based upon new evidence, namely, the

recantation of "the State's sole witness."  (Doc. No. 2 at 15-
6).  Magistrate Judge VanDervort concluded in the PF&R that
petitioner's claim lacks merit because "[a]ctual innocence based
on newly discovered evidence is not an independent ground for
federal habeas relief."  Christian v. Ballard, 2013 WL 4046348,
at *13 (S.D.W. Va. Aug. 8, 2013) (citing Herrera v. Collins, 506
U.S. 390, 400 (1993)).  Petitioner cites K.R.S.'s recantation at
his State habeas proceeding in 2008 and objects that "[t]he
Honorable Derek C. Swope, state habeas judge, the Supreme Court
of Appeals, and U.S. Magistrate Judge VanDervort are willfully
blind to the explicit recantation of the crucial state witness."
(Doc. No. 43 at 24).

      Upon review of the record, the court finds that petitioner
is not entitled to habeas relief.  Simply put, K.R.S.'s
recantations are not new evidence.[7]  As stated by the State
habeas court, K.R.S.'s recantations are "reiterations of the
same recantations made before trial and brought out on cross-
examination by trial counsel."  (Doc. No. 23, Exh. 9 at 34-5).
K.R.S. testified at petitioner's omnibus hearing and recanted
her trial testimony.  Id. at 35.  The State habeas court found
that K.R.S.'s omnibus testimony was merely "one more recantation
to add to the litany of the same made before trial and brought

---

[7] The court notes that it has received and reviewed two letters
on petitioner's behalf from K.R.S.  (Doc. Nos. 9, 44).

out on cross-examination." Id.  As a result, K.R.S.'s

recantation was not evidence that would "produce an opposite

result at a second trial on the merits."  Id.

The court finds no reason to depart from the State habeas

court's conclusion.  The State court's finding was not contrary

to clearly established federal law nor did it involve an

unreasonable application of that law.  Secondly, the State

court's conclusion did not result in a decision that was based

upon an unreasonable determination of the facts in light of the

evidence presented at the State court proceeding.  Therefore,

under 28 U.S.C. § 2254(d), habeas relief is unavailable to

petitioner.

Most importantly, petitioner cannot overcome the extremely

high burden of demonstrating a right to habeas relief by proof

of actual innocence.  The Supreme Court of the United States has

"yet to come across any prisoner who could make the

extraordinarily high threshold showing for such an assumed

right."  United States v. McDonald, 641 F.3d 596, 616 (4th Cir.

2011).  While K.R.S. now recants her testimony, as she has done

in the past, the State's case did not rest upon K.R.S.'s

testimony alone.  Instead, the testimony of supporting

witnesses, such as Nurse Shirley Aycoth, Counselor Shannon Beck,

and Child Protective Services Worker Krystal Leedy, bolstered

K.R.S.'s trial testimony.  Further, at trial, K.R.S. gave

compelling reasons for her original recantation and testified
that she was pressured to say that petitioner had not abused
her.  Petitioner's evidence is neither new nor so compelling
that it overcomes the high threshold showing of actual
innocence.  Accordingly, petitioner's objection is overruled.

**IV.  Conclusion**

Having reviewed the record, the court finds that
petitioner's objections are without merit.  As no factual issues
are in dispute, summary judgment is appropriate.  Accordingly,
the court **OVERRULES** petitioner's objections to Magistrate Judge
VanDervort's PF&R.  The court **ADOPTS** the factual and legal
analysis contained within the PF&R, **GRANTS** respondent's motion
for summary judgment, (Doc. No. 23), **DISMISSES** petitioner's
petition for a writ of habeas corpus, (Doc. No. 2), and
**DISMISSES** this matter from the court's active docket.

Additionally, the court has considered whether to grant a
certificate of appealability.  See 28 U.S.C. § 2253(c).  A
certificate will not be granted unless there is "a substantial
showing of the denial of a constitutional right."  Id. §
2253(c)(2).  The standard is satisfied only upon a showing that
reasonable jurists would find that any assessment of the
constitutional claims by this court is debatable or wrong and
that any dispositive procedural ruling is likewise debatable.
Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v.

26

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** on this 16th day of September, 2015.

ENTER:

David A. Faber
Senior United States District Judge

27